UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALPER NESE,<br><br>    Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA,<br><br>    Respondent. | Case No.  25-cv-04700-BLF<br><br>**ORDER GRANTING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; SCREENING PETITION; AND DISMISSING PETITION WITHOUT LEAVE TO AMEND**<br><br>[Re: ECF 1, 2] |

Petitioner Alper Nese, proceeding *pro se*, has filed a Petition for Writ of Mandate and Emergency Stay, and an Application to Proceed *In Forma Pauperis* ("IFP"). *See* Petition, ECF 1; IFP Application, ECF 2. The Court is satisfied that IFP status is warranted based on Petitioner's affidavit describing his lack of financial resources. Accordingly, Petitioner's application to proceed IFP is GRANTED.

When a district court grants IFP status, it must screen the pleading and dismiss the action if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000).

Petitioner seeks to vacate a state court order in a family law case and to stay further proceedings in that case. *See* Petition at 2.[1] It appears that Petitioner and his spouse, Minhee Chang, are divorcing and that they have some disputes with respect to their minor son. *See*

---

[1] Page citations are to the page numbers printed across the top of the document by the Court's Electronic Case Filing ("ECF") system.

1  Petition at 2-3; IFP Application at 2.  The Santa Clara County Superior Court issued an order on

2  May 22, 2025, authorizing Ms. Chang to travel internationally with the minor son.  *See* Petition at

3  2 & Ex. A (state court minute order).  Petitioner asks this Court to vacate the state court's travel

4  order and to stay all state court proceedings involving the minor child.  *See* Petition at 2.

5  "The *Rooker-Feldman* doctrine bars lower federal courts from exercising jurisdiction to

6  review the final determinations of a state court in judicial proceedings."  *Benavidez v. Cnty. of San*

7  *Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021) (internal quotation marks and citation omitted).  "If a

8  plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, *Rooker-Feldman*

9  bars subject matter jurisdiction in federal district court."  *Id*. (internal quotation marks, citation,

10  and ellipses omitted).  The bar "applies to both final and interlocutory decisions from a state

11  court," *see id*. at 1143, "even where the challenge to the state court decision involves federal

12  constitutional issues," *see id.* at 1142 (internal quotation marks and citation omitted).

13  "Federal courts commonly conclude they lack jurisdiction under the *Rooker-Feldman*

14  doctrine to review orders of state courts addressing matters of family and custody law[.]"  *Maxwell*

15  *v. Pacione*, No. 1:24-CV-00409-JLT-CDB, 2024 WL 3845342, at *6 (E.D. Cal. Aug. 16, 2024)

16  (collecting cases); *see also Moore v. Cnty. of Butte*, 547 F. App'x 826, 829 (9th Cir. 2013)

17  (plaintiff's "requests that the federal court reverse the outcomes of her divorce proceedings, child

18  custody case, and domestic violence hearings" were "properly dismissed" under *Rooker-*

19  *Feldman*).  This Court likewise concludes that it lacks subject matter jurisdiction to review the

20  state court's travel order or stay further state court proceedings involving Petitioner's child.[2]

21  Because the petition is subject to dismissal for lack of subject matter jurisdiction,

22  amendment would be futile.  *Foster v. KNTV Television, Inc.*, 444 F. App'x 132 (9th Cir. 2011)

23  ("Amendment here would have been futile, because Foster's proposed amendment still . . . raised

24  claims barred under the *Rooker-Feldman* doctrine.).

---

[2] The petition does not implicate the exception to the *Rooker-Feldman* doctrine for claims that do not directly challenge the state court decision but rather allege fraud by a third party in obtaining the state court ruling.  *See Benavidez*, 993 F.3d at 1142-43.  Petitioner directly challenges the state court travel order, asserting that the state court judge did not properly consider Petitioner's disqualification motion or the danger the requested travel poses to the child.  *See* Petition at 2-3.

1  Accordingly, this case is DISMISSED WITHOUT LEAVE TO AMEND.  The Clerk shall
2  close the file.
3  **IT IS SO ORDERED.**

5  Dated:  June 6, 2025

_____
BETH LABSON FREEMAN
United States District Judge

3